**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WILEY G. YATES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-372-GPM |
| | ) |
| THOMAS E. HILDEBRAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.[1]

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

---

[1] Normally, this review is conducted before Defendants are served with process – especially where Plaintiff is proceeding *in forma pauperis*. FED. R. CIV. P. 4(c)(3). In this case, however, Defendants Knight, Bremer, and the City of Granite City filed their appearance (Doc.5) and motions to dismiss (Doc. 6) before the Court conducted its threshold review.

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Liberally construing the complaint, it appears that Plaintiff pleaded guilty to arson in state court in 2003.  Petitioner claims that in February 2008, this conviction was vacated and in May 2008, the arson charge was dismissed.[2]  Having successfully challenged his arson conviction, Plaintiff now seeks damages against the City of Granite City, Illinois; two Granite City police officers (Defendants Knight and Bremer); his privately retained trial attorney (Defendant Hildebrand); and the state judge who presided over his criminal case (Defendant Hackett).

Plaintiff alleges that Defendants Knight and Bremer manufactured and falsified evidence used against him in the arson case.  Specifically, Plaintiff claims that Defendants Knight and Bremer coerced Gerald W. Rhodes into making a false statement that Plaintiff had told Rhodes that he (Plaintiff) had committed the crime.  Defendants are further alleged to have coerced Rhodes to

---

[2]It appears that Plaintiff remains incarcerated on other convictions and sentences.

leave the Granite City area in order to cover-up their wrongdoing. Plaintiff asserts that the City of Granite City "had a policy of complete … indifference … to the misconduct of its police officers" and "knew that Craig Knight and/or Charles Bremer … were in fact engaging in the misconduct alleged in this case."

Additionally, Plaintiff asserts that Defendant Hildebrand, his privately retained attorney, furthered the "unlawful agreement" by coercing Plaintiff into an involuntary guilty plea. Plaintiff contends that Defendant Hildebrand coerced him into pleading guilty in order to cover-up the criminal wrongdoing committed by another of Hildebrand's clients, Debra K. Nelson. According to the complaint, Nelson and Hildebrand "framed" Plaintiff for the arson. In return for framing Plaintiff, Nelson received "extremely light sentences" in two other criminal cases and immunity from prosecution for crimes she had allegedly committed against Plaintiff.

Plaintiff also contends that because he was coerced into pleading guilty to the arson charge, Defendant Johnson, a state prosecutor, obtained "leverage … to force Plaintiff to be a witness in an unrelated matter."

Finally, Plaintiff alleges that "in furtherance of [the] unlawful agreement," Defendant Hackett, the state court judge who apparently presided over Plaintiff's arson case:

> had ex parte conversations with other defendants, the Madison County prosecutors, and other judges in Madison County about covering-up and/or concealing the serious misconduct of defendant Thomas E. Hildebrand, Jr. This was done by causing severe, undue and unnecessary delays in issuing rulings on cases dealing with the misconduct of Mr. Hildebrand, not reporting clear instances of misconduct of Mr. Hildebrand, and even testifying falsely by deposition, in the ARDC hearing … in relation to the "honest" reputation of Thomas E. Hildebrand, Jr.

**DISCUSSION**

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988); 42 U.S.C. § 1983. From the allegations in the complaint, Defendants Knight and Bremer, being police officers involved in the investigation of Plaintiff's alleged crime, were unquestionably acting under color of state law. Plaintiff further alleges that these Defendants were acting pursuant to City policy. Plaintiff's claim sound in malicious prosecution and, possibly, violations of Plaintiff's substantive due process rights. Therefore, Plaintiff's claims against Defendants Knight, Bremer, and the City of Granite City survive threshold review and will not be dismissed at this time.

The alleged actions of Defendant Hildebrand, Plaintiff's privately retained attorney, however, do not constitute action taken under color of state law, and Plaintiff can only bring Hildebrand under the reach of § 1983 by alleging that Hildebrand agreed with a state actor to deprive Plaintiff of his constitutional rights. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Even before *Iqbal* and *Twombly,* a bare allegation of conspiracy was not enough to survive a motion to dismiss for failing to state a claim. *See e.g., Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir.2006); *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir.2002).

After *Iqbal* and *Twombly*, "the height of the pleading requirement is relative to the circumstances," *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*., *quoting Iqbal*, 129 S. Ct. at 1950. Plaintiff's malicious prosecution claim may not be too complex, but it may also be paranoid *pro se* litigation arising out of the frustrations of his battle to overturn his conviction.

In the case at hand, Plaintiff's bare allegation that there was an "unlawful agreement" with some state actor is insufficient (even prior to *Iqbal* and *Twombly*) to state a conspiracy between Hildebrand and a state actor. The conspiracy that he claims is not plausible. In fact, Plaintiff's allegations actually undercut his claim of conspiracy with a state actor. Specifically, Plaintiff claims that Hildebrand acted not to further some agreement with state actors (e.g., Knight, Bremer, or Hackett), but to further the interests of another of Hildebrand's clients (Nelson). Based on the foregoing, Plaintiff fails to state a § 1983 claim against Defendant Hildebrand.

Plaintiff's claims against Defendant Hackett also are dismissed. Defendant Hackett is immune from liability for actions taken in his judicial capacity while presiding over Plaintiff's criminal case. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir. 1989).

The only other action alleged to have been taken by Defendant Hackett is "testifying falsely by deposition in the [Attorney Registration and Disciplinary Hearing] in relation to the 'honest' reputation of Thomas E. Hildebrand, Jr." This alleged action – giving false testimony in a disciplinary proceeding concerning Hildebrand being carried out by the Attorney Registration and Disciplinary Committee (ARDC) – is unrelated to Plaintiff's claim of malicious prosecution. That is, the allegedly false testimony did not cause or lead to Plaintiff's incarceration. Even if the Court could find some constitutional right that was potentially violated by Defendant Hackett's alleged false testimony, Defendant Hackett – as a witness in said proceedings – is immune from liability under § 1983. *See Bilal v. Wolf*, No. 06 C 6978, 2009 WL 1871676 at *7 (N.D. Ill. June 25, 2009) (witness immunity applies to ARDC disciplinary proceedings). Therefore, Plaintiff's claims against

Defendant Hackett are dismissed pursuant to 28 U.S.C. § 1915A.

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has made no effort at all to obtain counsel. Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

### SUMMARY

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Hildebrand and Hackett are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A. The dismissal of these claims counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Because there are no other claims pending against them, Defendants Hildebrand and Hackett are **DISMISSED** from this action.

As noted above, it appears that Defendants **Knight, Bremer, and the City of Granite City** were served with summons and complaint by some other means than Rule 4(c)(e) of the Federal Rules of Civil Procedure; they have entered their appearance through counsel on August 26, 2009. Consequently, the Court will not direct the Clerk of Court or United States Marshal to effect service in this case.

Plaintiff is **ORDERED** to serve upon Defendants' counsel a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy

of any document was mailed to Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. If Plaintiff fails to do so, this action will be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED**.

DATED: 12/08/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge